IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cv-199-MHT-JTA |
| | ) | (WO) |
| NANCY BOYD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

For the reasons set forth below, it is the Recommendation of the Magistrate Judge that this case be dismissed with prejudice for failure to prosecute and for failure to comply with the court's orders, and in accordance with the court's inherent authority to manage its docket to secure the orderly and expeditious disposition of the cases on its docket.

### I. STANDARD OF REVIEW

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and also pursuant to Rule 41(b)[1] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's

---

[1] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of dismissal for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).[2]

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Id*. at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or

---

[2] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). "[S]uch dismissal [with prejudice] is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520. Extreme circumstances justifying dismissal with prejudice "must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id*. (citations omitted).

## II. DISCUSSION

Plaintiff Peter J. Smith is a frequent *pro se* litigant in this court.[3] Smith is thoroughly familiar with the proper procedures for filing motions for leave to proceed *in forma*

---

[3] As of the date of this Recommendation, Smith has filed forty-four cases in this court. A review of the cases filed by Smith shows that, although he filed his first case here in 2006 and became a frequent litigant soon thereafter, his filing rate has significantly accelerated in the last year or two. Of Smith's cases that are no longer pending, the overwhelming majority were dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2) or for failure to prosecute or comply with court orders. *See Smith v. Circle K Inc.*, Case No. l2:23-cv-00078-MHT-JTA; *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA; *Smith v. Retirement System of Alabama*, Case No. 2:23-cv-00024-ECM-SMD; Smith v. City of Montgomery, Case No. 2:23-cv-00023-ECM-SMD; *Smith v. Circle K Inc.*; Case No. 2:23-cv-00022-MHT-KFP; *Smith v. City of Montgomery*, Case No. 2:23-cv-00021-RAH-KFP, *Smith v. Retirement Systems of Alabama*, Case No. 2:22-cv-00669-WKW-CWB; *Smith v. City of Montgomery*, Case No. 2:22-cv-00668-WKW-CWB, *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00482-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00481-WKW-CWB; *Smith v. Subway Inc.*, Case No. 2:22-cv-00479-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00441-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00440-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00439-WKW-CWB; *Smith v. Montgomery County*, Case No. 2:22-cv-00307-WKW-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00298-MHT-JTA; *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00196-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00169-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00168-MHT-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00092-RAH-KFP; *Smith v. Restaurant Brands International Inc.*, Case No. 2:21-cv-00084-WKW-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA; *Smith v. Jackson Hospital*, Case No.

*pauperis*, as is evident from the many cases in which he has filed (usually successfully) for leave to proceed *in forma pauperis*. He is also cognizant of the necessity of complying with court orders and of the consequences of noncompliance, as is evident from the many orders entered in many cases warning him of that fact, several cases he has filed that were dismissed for failure to comply with court orders,[4] and the orders entered in this case (Docs. No. 5, 6, 8) warning him of the consequences of failure to comply with the court's Orders.

---

2:21-cv-00238-RAH-SMD; *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA; *Smith v. Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB; *Smith v. Waffle House Inc.*, Case No. 2:19-cv-01033-WKW-SRW; *Smith v. Subway Inc.*, Case No. 2:19-cv-00592-RAH-SMD; *Smith v. Walmart Inc.*, Case No. 2:20-cv-00406-MHT-SMD; *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC; *Smith v. Humana Inc.*, Case No. 2:19-cv-00212-ECM-SMD; *Smith v. Chick-Fil-A RSA Regions Tower*, Case No. 2:19-cv-00128-WKW-SRW; *Smith v. Walmart Stores, Inc.*, Case No. 2:19-cv-00089-WKW-WC; *Smith v. U.S. Agencies*, Case No. 2:16-cv-00218-WKW-GMB; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00167-WKW-TFM; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB; *Smith v. Game Stop*, Case No. 2:16-cv-00129-WKW-WC; *Smith v. Cedar Crest Nursing Home*, Case No. 2:16-cv-00111-WKW-WC; *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM; *Smith v. Auburn University*, Case No. 2:12-cv-00230-MEF-TFM; *Smith v. Eike*, Case No. 2:12-cv-00085-MHT-CSC; *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC; *Smith v. Cedar Crest Nursing and Rehabilitation*, Case No. 2:08-cv-00580-MEF-CSC; *Smith v. Alabama Department of Transportation*, Case No. 2:06-cv-00118-WKW-DRB.

[4] The following list merely provides some examples and is not intended to be an exhaustive list of cases filed by Smith that were dismissed for failure to comply with court orders: *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA (dismissed for failure to comply with court orders and failure to prosecute); *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA (claims dismissed pursuant to 28 U.S.C. § 1915(e)(2) after Smith failed to comply with an order to amend his complaint); *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC (dismissed for failure to state a claim and failure to comply with court orders; the complaint was a shotgun complaint and, after being granted three motions for extension of time, Plaintiff had not complied with the order to amend the complaint); *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB (dismissed with prejudice prior to service of process pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because "Smith's case is an archetypal failure to prosecute and failure to abide by orders of the court," and "[d]espite being given ample opportunity to prosecute his case, Smith has developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply" (Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 24 at 4-5)); *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM (dismissed for failure to prosecute and failure to comply with court orders); *Smith v. Auburn University*, Case No. 2:11-cv-

On April 22, 2022, along with his Complaint in this case, Smith filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) On January 18, 2023, the court found that the motion was unsupported by an affidavit and was "thus incomplete and lack[ed] the necessary information to justify a finding in his favor." (Doc. No. 5 at 1.) The court allowed Smith to amend his motion. (*Id*.) Specifically, the court "[ordered] that on or before February 1, 2023, the plaintiff shall file his sworn affidavit or file a complete, signed and dated application to proceed in this court without the prepayment of fees or costs by submitting Form AO-240." (*Id*.) The court directed the Clerk to provide Plaintiff with a copy of the form.[5] The court advised Smith "to complete each numbered question with a complete answer and warned that failure to do so could [constitute] cause for the motion to be denied." (*Id*.)

Again, Smith is a frequent litigant in this court, to say the least, having filed at least forty-four cases here (and counting) – most, if not all, *in forma pauperis*. He knows how to correctly file a motion for leave to proceed *in forma pauperis*. He had more than sufficient time (nine months, including fourteen days at the court's direction after being informed that his application was deficient) to correct his *in forma pauperis* motion. Yet, Smith did not correct his motion before the deadline set by the court. Accordingly, on February 6, 2022, the court denied the motion to proceed *in forma pauperis* (Doc. No. 2) on grounds that it did not adequately set forth the facts that would entitle Plaintiff to relief.

---

00364-MHT-WC (dismissed without prejudice for failure to state a claim and for failure to comply with the court's orders; appeal dismissed for failure to pay the docketing fees).

[5] The Clerk provided the form to Smith.

5

(Doc. No. 6). *See* 28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit … without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."); 28 U.S.C.A. § 1915 (West); Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion. The motion must … state with particularity the grounds for seeking the order."). The court further ordered that, "**on or before February 20, 2023,** Smith shall pay the $402.00 filing fee in full." (Doc. No. 6 at 3 (emphasis in original).) In addition, the court specifically advised Plaintiff as follows:

> ***Plaintiff is specifically advised that failure to timely pay the filing fee may constitute grounds for dismissal for failure to prosecute and failure to comply with the court's orders***.

(Doc. No. 6 at 3 (emphasis in original).)

On February 15, 2023, Smith filed an amended motion for leave to proceed *in forma pauperis*. (Doc. No. 7.) Because his motion appeared to be a belated attempt to comply with the court's January 18, 2023 Order requiring him to file an amended motion to proceed *in forma pauperis*, the court construed the filing as a motion for leave to file his amended *motion to proceed in forma pauperis* out of time. (Doc. No. 8.) By Order entered February 16, 2023, the Court denied the motion on the following grounds:

> [Smith] supplies no information explaining why he did not comply with the court's earlier deadline to file an amended motion. He fails to show good cause, much less excusable neglect, for that failure. He knows that he is required to comply with the court's orders and has been frequently warned in many, many cases, including this case, of the consequences of failure to comply with court orders. *See*, *e.g.*, *Smith v. Jackson Hosp.*, No. 2:21-CV-238-RAH-SMD, 2022 WL 2111839, at *1 (M.D. Ala. May 18, 2022), *report*

6

*and recommendation adopted*, No. 2:21-CV-238-RAH, 2022 WL 2110424 (M.D. Ala. June 10, 2022) (noting warnings that "**failure to comply**" with the court's orders would "**result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court**" (emphasis in original)); *see also* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect."); *Shivers v. Cellulose*, No. CV 15-0429-WS-M, 2016 WL 7015654, at *1 (S.D. Ala. Nov. 29, 2016) ("Even *pro se* litigants are expected to comply with court orders, deadlines[,] and rules." (collecting cases)).

Moreover, Plaintiff has numerous cases[6] currently pending before this court. If he is not held to the same standard as other litigants and required to timely comply with court orders (particularly where, as here, he offers no justifiable reason for his failure to comply), the impact on the efficiency of administration of justice and judicious use of limited court resources will be and is palpable in other cases and matters before the court. He cannot simply disregard court orders at his whim.

Accordingly, it is ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 7) is CONSTRUED as a motion to file his amended *motion to proceed in forma pauperis* out of time and the motion is DENIED.

***Plaintiff is again specifically advised that failure to timely pay the filing fee by February 20, 2023, as previously ordered (Doc. No. 6) will constitute grounds for dismissal for failure to prosecute and failure to comply with the court's orders. The case may also be dismissed for failure to pay the filing fee.***

(Doc. No. 8 at 4-5.)

More than a month has passed since the deadline for Smith to submit the filing fee. He has submitted nothing and filed nothing. This action is due to be dismissed pursuant to the court's inherent powers to control its docket and enforce compliance with its Orders, and pursuant to its power under Rule 41(b) of the Federal Rules of Civil Procedure.

---

[6] Smith has twenty cases currently pending in this court.

"[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance." *Nurse*, 618 F. App'x at 991 (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)). As noted in the court's February 16, 2023 Order, Smith has at least twenty cases currently pending before this court, and the impact on the just and efficient administration in his cases as well as others will be palpable if the court does not enforce compliance with its orders in his cases, as it would for any other litigant. (Doc. No. 8 at 4-5). The court has considered the range of sanctions available for enforcement of its orders and finds that no sanction but dismissal will suffice in this case. Smith has engaged in a pattern of contumacious disregard of the court's orders, and he has engaged in willful delay by failing to comply with some orders in a timely fashion and by failing to comply at all with other orders in this case. To no avail, the court has already offered Smith many opportunities to comply with its orders. Smith contends that he is an indigent plaintiff, so it is unlikely the court could enforce a monetary penalty from him. Dismissal is the only feasible sanction.

Moreover, mere dismissal without prejudice would be no sanction at all; rather, it would operate as an opportunity for Smith to escape any consequence for failing to comply with the court's orders by allowing him to refile his Complaint in a new action along with another IFP motion. Although the court's prior warnings to Smith regarding dismissal in the face of noncompliance did not specifically mention the possibility that such dismissal may be with prejudice, he was warned of the consequence of dismissal, and, because he is entitled to object to this Recommendation, he will have an opportunity to explain to the

8

District Judge any reason why he feels that his conduct does not merit dismissal with prejudice.

In sum, this case is due to be dismissed with prejudice because lesser sanctions would not suffice. *Cf., e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) (affirming a dismissal of a *pro se* litigant's case for failure to comply with court orders and stating that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); *Wilson v. Sec'y, Fla. Dep't of Corr.*, No. 1:21-CV-141-AW-GRJ, 2022 WL 1667566, at *1 (N.D. Fla. Mar. 17, 2022), *report and recommendation adopted*, No. 1:21-CV-141-AW-GRJ, 2022 WL 1664066 (N.D. Fla. May 25, 2022) (dismissing a complaint for failure to pay the filing fee upon a finding that the plaintiff's failure to comply with orders to do so and noting that "any sanction short of dismissal will not remedy [the plaintiff's] noncompliance"); *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB, Docs. No 25, 26 (April 3, 2017 M.D. Ala.) (dismissing with prejudice Smith's complaint against the Montgomery Police Department upon adoption of the magistrate judge's recommendation in which the magistrate judge found that "Smith's case is an archetypal failure to prosecute and failure to abide by orders of the court," and "[d]espite being given ample opportunity to prosecute his case, Smith has developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply" (Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 24 at 4-5)).

## III. CONCLUSION

Accordingly, the court RECOMMENDS that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and, alternatively, pursuant to the court's inherent authority to manage its docket and ensure compliance with its Orders.

Further it is ORDERED that the parties shall file any objections to this Recommendation on or before **April 17, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 31st day of March, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE